[889 NYS2d 868]

In the Matter of NEAL M. POMPER (Admitted as NEAL MEREDITH POMPER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 15, 2009

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated February 10, 2009 (197 NJ 500, 964 A2d 299 [2009]), the respondent was publicly censured for assisting a person who is not a member of the bar in the performance of an activity that constitutes the unauthorized practice of law. The order required the respondent to complete 10 hours of courses in professional responsibility within one year and to reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of the matter.

The Supreme Court of New Jersey Disciplinary Review Board (hereinafter the Disciplinary Review Board) issued a decision on December 17, 2008. The matter came before the Disciplinary Review Board on a recommendation for a reprimand filed by the District VIII Ethics Committee (hereinafter the DEC). The respondent sent his paralegal to a hearing with his client where the paralegal identified herself as an attorney, entered an appearance on the record, allowed herself to be addressed as counselor, and acted as an advocate for the client.

The DEC issued the underlying ethics complaint on September 7, 2007. With the respondent's consent, the facts underlying the charges were placed on the record by the presenter and the respondent offered testimony in mitigation.

On October 21, 2005, Bruce Finney retained the respondent to represent him in a child support proceeding for a fee of $750. On a number of subsequent occasions, the respondent permitted his paralegal/secretary, Larissa Sufaru, to meet with the client. The respondent wrote to a Somerset County probation officer to request an adjournment of the support and paternity hearing scheduled for November 4, 2005, but did not object to his client taking a paternity test on that day.

On February 9, 2006, the Superior Court of New Jersey, Somerset County, Chancery Division, Family Part, issued an order requiring Finney to appear for a hearing after a blood test on March 24, 2006, noting that he could bring an attorney although one was not required. The respondent requested that the hearing be adjourned until after the paternity test results could be reviewed.

On May 5, 2006, the respondent allowed Sufaru to proceed to a hearing with Finney with regard to the child support which was due after the paternity test results were published. The hearing officer later referred the matter to the Unauthorized

Practice of Law Committee (hereinafter the UPL Committee). Sufaru entered into an agreement with the UPL Committee in which she acknowledged that she did not correct the hearing officer's misunderstanding that she was an attorney and did not ask for an adjournment of the hearing. The UPL Committee referred the matter to the DEC.

In mitigation, the respondent testified that he never received notice of the May 5, 2006 hearing, despite having entered an appearance on Finney's behalf. When he sent Sufaru with Finney on that day, he believed that there would not be a support hearing until the paternity matter was resolved. Although the respondent handles support hearings, and not paternity matters, he believed that the proceeding on the day in question was simply to get the results of the test.

Following a de novo review of the record, the Disciplinary Review Board concluded that by directing Sufaru to attend the hearing with Finney, where Sufaru proceeded to practice law, the respondent assisted her in doing so.

Under the circumstances, the Disciplinary Review Board determined that a censure would be the appropriate measure of discipline.

Although the respondent admitted service of the notice pursuant to 22 NYCRR 691.3 by the Grievance Committee for the Ninth Judicial District on June 9, 2009, he has neither submitted a verified statement raising any of the enumerated defenses nor demanded a hearing. Thus, there is no impediment to the imposition of reciprocal discipline at this juncture.

Under the circumstances, the petitioner's application to impose reciprocal discipline is granted and the respondent is publicly censured based upon the discipline imposed upon him in New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and ENG, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent is publicly censured for his professional misconduct.