Matter of Pomper (2022 NY Slip Op 04173)

Matter of Pomper

2022 NY Slip Op 04173

Decided on June 29, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2021-02031

[*1]In the Matter of Neal Meredith Pomper, an attorney and counselor-at-law. (Attorney Registration No. 1726363)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 6, 1981. By order to show cause dated April 20, 2021, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of New Jersey filed October 21, 2020.

Courtny Osterling, White Plains, NY (Antonia Cipollone of counsel), for Grievance Committee for the Ninth Judicial District.

PER CURIAM.

OPINION & ORDER
By order of the Supreme Court of New Jersey filed October 21, 2020, the respondent, under the name Neal M. Pomper, was suspended from the practice of law in New Jersey for a period of two years, retroactive to September 18, 2019, the date of his temporary suspension.
The Stipulation
The respondent and the Office of Attorney Ethics (hereinafter OAE) executed a stipulation providing in relevant part, as follows: The respondent was admitted to the practice of law in the State of New Jersey, under the name Neal M. Pomper, in 1982. The respondent's disciplinary history in New Jersey consists of a private reprimand in 1986, an admonition in 2004, and a censure [FN1] in 2009 for assisting his paralegal in the unauthorized practice of law (In re Pomper, 197 NJ 500, 964 A2d 299). On September 18, 2019, the respondent was temporarily suspended from the practice of law based on the misconduct underlying this matter (In re Pomper, 239 NJ 566, 218 A3d 804), as set forth below.
The respondent stipulated to violating New Jersey Rules of Professional Conduct (hereinafter referred as NJ RPC) and New Jersey Rules of Court (hereinafter rule), namely, NJ RPC 1.15(a) (commingling), (d) and rule 1:21-6 (record keeping), NJ RPC 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), and (c) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The basis for the respondent's violations stemmed from his conviction of, inter alia, insurance fraud (under Docket No. XIV-2015-0391E) and his poor record-keeping practices and commingling of funds (under Docket No. IV-2019-0136E).
Docket No. XIV-2015-0391E
After the respondent's home was damaged in a flood in 2011, he contracted with Rivera Remodeling (hereinafter Rivera) to remediate the water damage. At the time, the respondent had a homeowner's insurance policy with Selective Insurance Company (hereinafter Selective). The respondent's employee, Larissa Sufaru, sent Rivera's purported invoice for the remediation to Selective. Sufaru wrote "paid in full" on the invoice to reflect the respondent's alleged payment of $14,000. Selective investigated the claim. Upon learning that Rivera had not prepared the invoice, Selective denied the respondent's claim.
On July 10, 2015, a superceding indictment issued by a grand jury in Middlesex County charged the respondent with the following crimes: (1) third-degree conspiracy to commit insurance fraud; (2) third-degree insurance fraud; (3) third-degree attempted theft by deception; (4) fourth-degree uttering; and (5) fourth-degree forgery. The charge for uttering was dismissed prior to trial.
A trial commenced on November 6, 2018, before the Honorable Dennis Nieves. During the trial, Sufaru testified that, at the respondent's direction, she created the $14,000 invoice and sent it to Selective. The respondent argued that the invoice represented actual, post-flood repair work to the home for which he was entitled to reimbursement.
On March 20, 2019, the respondent was found guilty of (1) third-degree conspiracy to commit insurance fraud, in violation of NJSA 2C:5-2, based on his agreement with Sufaru to create and transmit a fraudulent invoice to Selective to receive insurance funds; (2) third-degree insurance fraud, in violation of NJSA 2C:21-4.6(a) and (b) and 2C:2-6, based upon the respondent having directed Sufaru to create a "phony invoice" for the purpose of obtaining a benefit from Selective; and (3) third-degree attempted theft by deception, in violation of NJSA 2C:2-4 and 2C:2-6, based upon the theory that if Selective had relied on the "phony invoice," the respondent would have received funds from Selective that he was not entitled to receive. The respondent was found not guilty of the forgery charge.
On August 1, 2019, the respondent was sentenced to three concurrent one-year terms of probation with mandatory fines.
Docket No. IV-2019-0136E
On or about August 28, 2018, the OAE audited the respondent's financial records for the preceding 12-month period, which revealed the following deficiencies: client ledger cards were not fully descriptive; legal fees were not deposited into the attorney business account (hereinafter business account); improper business account designation; improper attorney trust account (hereinafter trust account) designation; noncompliant business account and trust account imaged-processed checks; and improper electronic transfers from the trust account.
The audit also revealed that on December 28, 2017, the respondent had deposited into his trust account a $5,675 check for legal fees from client Thomas Paddock (hereinafter the Paddock check). On January 5, 2018, the respondent transferred those funds into his business account.
The respondent stipulated that he commingled personal and client funds in violation of NJ RPC 1.15(a) when he deposited the Paddock check into his trust account. He also stipulated to engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by placing the Paddock check into his trust account in an attempt to "reduce his tax liability for 2017 and receive the benefit of a presumably more favorable tax bracket in 2018."
The respondent also stipulated that he had been the subject of random audits by OAE in 1987 and 2013. He had certified to OAE on April 10, 2013, that he corrected the 2013 deficiencies.
In the stipulation, the OAE acknowledged that it did not find clear and convincing evidence of unethical conduct sufficient to support an ethics violation for prior instances of tax evasion.
Aggravation and Mitigation
As factors in aggravation, the OAE cited to the respondent's prior discipline and his motivation for personal gain. As factors in mitigation, the respondent admitted his conduct, entered into the disciplinary stipulation, corrected the record-keeping deficiencies, and expressed an intention to retire from the practice of law.
Supreme Court of New Jersey
On October 21, 2020, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of two years retroactive to September 18, 2019, and until further [*2]order of the court, based on the determination of the Disciplinary Review Board of the Supreme Court of New Jersey, that the respondent violated NJ RPC 1.15(a) and (d), rule 1:21-6, and NJ RPC 8.4(b) and (c). The Supreme Court of New Jersey, inter alia, directed the respondent to comply with rule 1:20-20 for suspended attorneys, and to reimburse the Disciplinary Oversight Committee for administrative costs and actual expenses incurred in the prosecution of the matter.
Order to Show Cause
On March 18, 2021, the Grievance Committee for the Ninth Judicial District informed this Court about the respondent's discipline in New Jersey. The respondent did not notify the Grievance Committee and this Court of his temporary suspension in 2019 or of the discipline imposed in New Jersey in 2020.
By order to show cause dated April 20, 2021, this Court, among other things, directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by the order of the Supreme Court of New Jersey filed October 21, 2020, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
The Grievance Committee served the respondent by email, upon consent, on May 13, 2021, and filed proof of service with the Court. To date, the respondent has not responded to the Court's order to show cause dated April 20, 2021, has not asserted any defenses pursuant to 22 NYCRR 1240.13(b), and has not requested additional time in which to respond.
Findings and Conclusions of Law
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of New Jersey. In view of the circumstances of this case, we conclude that the appropriate sanction is a suspension for a period of two years.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Neal Meredith Pomper, is suspended from the practice of law for a period of two years, commencing July 29, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 29, 2024. In such application (see id. § 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Neal Meredith Pomper, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Neal Meredith Pomper, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Neal Meredith Pomper, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: On December 15, 2009, this Court reciprocally censured the respondent based upon the discipline imposed upon him in New Jersey (Matter of Pomper, 70 AD3d 222).